IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION, TOLEDO, OHIO

| | | |
|---|---|---|
| In Re: | * | Case No. 15-32535 |
| Leslie Nadine Tucker | * | Judge Mary Ann Whipple |
| | * | **CHAPTER 13 PLAN** |
| Debtor | * | |

Plan Summary

The following is a summary of the key provisions of this plan. This summary is qualified in its entirety by the full text the terms of the plan. ("the Plan")

Term: 60 months.
Unsecured Claim Distribution: 100%
Period Payments: Monthly $2540.00 plus all tax refunds.

Summary of Projected Disbursements

It is projected that from the proceeds paid to the trustee, the payments by the Trustee to fulfill the proposed plan of the debtor would be summarized as follows:

| | |
|---|---|
| Priority Claims | $26,328.40 |
| Unsecured | $12,854.71 |
| Conduit Chase Home Mortgage | $52,686.00 |
| Chase Arrearage | $43,917.68 |
| Trustee's Fees | $ 15,087.41 |
| Total | $150,874.11 |

/s/Steven L. Diller
Steven L. Diller, (0023320)
124 East Main Street
Van Wert, Ohio 45891
(419) 238-5025
steven@drlawllc.com

1

Term and Payment Terms of the Plan

Term:

The Debtor shall pay to the Trustee all the disposable income available as such term is defined under 11 USC §1325(b)(2) for a period sufficient to provide for repayment of all claims to be paid under the plan, but not to exceed 60 months. The debtor would project that based on scheduled and projected claims and plan treatment the plan would be for 60 months.

Payment Term:

This is a 100% Plan.

Periodic Payment Amount

The source of these funds shall be from the future income of the Debtor and any income tax refunds available to the Debtor. The Debtor's schedules I & J reflect current monthly net income of $1,662.15 including a monthly payment of $878.10 for 1508 West Spring Street, Lima, Ohio ("Chase Bank") and $788.97 for 12938 Road 72, Haviland, Ohio. ("Greentree") The Debtor is proposing that the Chase Bank payment would be a conduit and the Greentree payment would be direct by the Debtor. As a result, the Debtor would propose a monthly payment of $2540.00.

The Debtor agrees to submit all future income to the supervision and control of the Trustee during the pendency of this case to fully complete this plan and to also file quarterly statements of business operations. The payments to the Trustee shall be by direct payment from the Debtor.

1. **Administrative Claims**

a) <u>Projected Claims</u>

1. *Trustee's fees and expenses.* The statutory Trustee's fees and expenses under Section 1302(b)(3) based on the projected disbursements to priority claims and unsecured claims would be $15,087.41.

2. *Fees of counsel for Debtor.* A retainer fee was prepaid by the debtor, prior to the commencement of this case and it is not anticipated that there will be additional fees due.

3. *Domestic Support Obligation.* The Debtor is not under any domestic support obligations.

3. *Real Estate Taxes.* The real estate taxes owing to the Paulding County Treasurer are delinquent and which would be included in the Plan. The annual taxes due thereafter shall be paid directly by the Debtor. The real estate taxes owing to Allen County Treasurer are current and no monies due at this time.

4. *Taxes to State and Federal Authorities.* The Debtor filed a Chapter 7 on August 8, 2102 and received a discharge which included obligations to the taxing authorities. Since such time, the Debtor has only been entitled to refunds which have been offset and it is the position of the Debtor that the amount of actual taxes due and owing are far less than asserted by the taxing authorities. Any claims duly proved and allowed shall be paid through the Plan and any refunds received shall be paid to the Trustee for payment of the allowed claims herein.

b) <u>Treatment</u> - The trustee shall disburse dividends to all 11 USC §1326(b)(1) & (2) claims in advance of all other unsecured claims, unless priority is expressly waived or the treatment afforded said claims as set forth hereafter provides for the deferral of the

3

same. All other 1322 (a)(2) and 1305 (a)(1) claim shall be paid in full by deferred payments in such installments as the trustee in his sole discretion shall deem appropriate.

2. **<u>Secured Claims - Real Property</u>**

    a) **Introduction.** The Debtor owns 2 parcels of real property located in Allen County and Paulding County, Ohio. The residence of the Debtor located at 1508 West Spring Street, Lima, Ohio ("Residence") and another residence at 12938 RD 72, Haviland, Ohio ("the Rental") which is occupied by the Debtor's elderly mother. There are vacant lots adjacent to each residence which is unencumbered.

    The Residence is encumbered by a consensual mortgage lien held by Chase Bank ("Chase") which was subject to foreclosure at time of filing. The Debtor would project arrearage at $43,917.68. The Residence is also subject to real property taxes to the Allen County Treasurer.

    The Rental is encumbered by a consensual mortgage lien held by Green Tree Servicing, LLC ("Green Tree"). The interest of the Debtor is also subject to real property taxes to the Paulding County Treasurer. Confirmation of the plan shall result in a finding and order by the Court of that both consensual mortgage and the real estate taxes are fully secured claims

    i) Chase Claim

    a.) The Chase Claim shall be pursuant to 11 USC §506(a) and 1322(b)(2) & (3), be deemed to be a fully secured claim. Such claim shall bear interest at the rate provided in the note and mortgage and shall not be altered by the terms of the Plan, but the arrearage claim including the applicable fees due the Chapter 13 Trustee shall be paid by the trustee through the plan for the term of the plan as a conduit payment along with the

4

arrearage. This Chase Claim hall survive discharge herein and shall upon conclusion of this case be assumed and continued to be paid by the Debtor until paid in full.

    ii. Green Tree

    a) The claim of Green Tree shall upon confirmation be deemed to be a fully secured claim. The Debtor shall continue to make a monthly payment of $788.97 on account of such secured claim directly to Green Tree outside the Plan, continue throughout the plan and subsequent to the termination of the case until the claim is paid in full. The claim shall bear interest at the note rate and shall not be modified by the plan.

**3. Unsecured Claims**

    a) Unsecured claims, including those arising as a result of the treatment accorded herein, shall be required to be duly proved and allowed in accordance with Bankruptcy Rule 3002 or such other time as may be ordered by the Court.

    b) Treatment - After the payments provided for above, the Trustee shall pay dividends pro rata to any unsecured claims duly proved and allowed. In the event a claim is less than $50.00, the Trustee shall be authorized to advance the entire disbursement to be made to such claim for administrative convenience.

**4. Lien Avoidance**

Debtor hereby elects to avoid the fixing of liens pursuant to Section 522(b), but such claims shall retain their liens until paid as provided for by this plan.

**5. Post Petition Claims**

Claims allowed for post petition debts incurred by debtor may be paid in full and in such other and on such terms as the Trustee, in his sole discretion, may determine.

Trustee may file to dismiss this case if debtor incurs post petition debts without the written consent of Trustee and debtor fails to keep such obligations current in payment.

**6. General Provisions**

If this case is filed as a joint debtor's case, the Debtor' estates shall be fully consolidated for purposes of administration. Pursuant to Section 1322(b)(3) of the Bankruptcy Code, Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtor payments to Trustee under this plan. The Trustee shall also be authorized to surcharge the estate for the initial cost of setting up the plan on computer.

Dated: August 27, 2015                /s/ Steven L. Diller
                                                                    Steven L. Diller
                                                                    Attorney for Debtor

/s/Leslie Tucker
Leslie Tucker